**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond Eugene HILL,
Defendant–Appellant.**

**No. 88–5092.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 25, 1989.

**1576**

Henry M. Bugay, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Sonia Escobio O'Donnell, and Eric A. Dubelier, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and KRAVITCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Raymond Eugene Hill pled guilty to a one-count indictment that charged him with possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). The district court imposed an enhanced fifteen year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e).[1] In entering his guilty plea, Hill reserved the right to appeal the district court's denial of his Motion to Dismiss or Strike Enhancement From Indictment and this appeal followed. Hill argues that his four previous convictions do not fall within the enumerated crimes that justify an enhanced sentence under section 924(e). We Affirm.

## I.

On August 1, 1987 several Metro–Dade police officers apprehended Hill after he was seen leaving the Metro–Dade Training Facility firing range. A subsequent search revealed three revolvers stolen from the Metro–Dade County Police Department in the trunk of the car Hill was driving. The federal government elected to prosecute Hill under 18 U.S.C. § 922(g) and sought an enhanced penalty under 18 U.S.C. § 924(e) because Hill had four prior felony convictions.

The parties stipulated to the following facts relating to Hill's prior felony convictions:

---

**1.** By phrasing the case in this way, we intend to express no view as to whether section 924(e) is a penalty enhancement provision or a separate substantive offense, a question that currently divides the circuits. *Compare United States v. Dickerson,* 857 F.2d 414 (7th Cir.1988); *United States v. Rush,* 840 F.2d 574 (8th Cir.) (en banc) (construing predecessor of § 924(e)), *cert. denied,* —— U.S. ——, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988); *United States v. Blannon,* 836 F.2d 843 (4th Cir.) (same), *cert. denied,* —— U.S. ——, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. Jackson,* 824 F.2d 21 (D.C.Cir.1987) (same), *cert. denied,* —— U.S. ——, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988); *United States v. West,* 826 F.2d 909 (9th Cir.1987) (same); *United States v. Hawkins,* 811 F.2d 210 (3d Cir.) (same), *cert. denied,* —— U.S. ——, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Gregg,* 803 F.2d 568, 570 (10th Cir.1986) (same), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *with United States v. Brewer,* 841 F.2d 667 (6th Cir.) (construing § 924(e)), *cert. denied,* —— U.S. ——, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988); *United States v. Davis,* 801 F.2d 754 (5th Cir.1986) (construing predecessor of § 924(e)). Appellant has not raised this issue, and we need not address it.

*Case No. 1*

In case No. 75–1285–A (BREAKING AND ENTERING A BUILDING), it is agreed as follows:

That the Defendant was not armed during the commission of the offense. No assault or battery was effected during the commission of the offense. That the building entered was a business and not a home or residence where people dwell at night. That the offense took place on January 30, 1975 at the hour of 8:55 p.m.

*Case No. 2*

In case No. 78–14829 (BURGLARY OF STRUCTURE), it is agreed as follows:

That the Defendant was not armed during the commission of the offense. No assault or battery was effected during the commission of the offense. That the building entered was a business and not a home or residence where people dwell at night. That the offense took place on September 27, 1978 at the hour of 4:30 p.m. That it was a daytime offense.

*Case No. 3*

In case No. 80–15895–A (BURGLARY OF STRUCTURE), it is agreed as follows:

That the Defendant was not armed during the commission of the offense. No assault or battery was effected during the commission of the offense. That the building entered was a business and not a home or residence where people dwell at night. That the offense took place on August 27, 1980 at the hour of 10:35 a.m. That it was a daytime offense.

*Case No. 4*

In case No. 80–17802–A (BURGLARY OF STRUCTURE), it is agreed as follows:

That the Defendant was not armed during the commission of the offense. No assault or battery was effected during the commission of the offense. That the building was a business and not a home or residence where people dwell at night. That the offense took place on September 20, 1980 at the hour of 8:45 a.m. That it was a daytime offense.

Section 924(e) imposes a minimum mandatory prison term of fifteen years without possibility of parole for a person who violates section 922(g) and has been convicted three (or more) times of a "violent felony or a serious drug offense." The section 924(e)(2)(B) definition of "violent felony" includes "burglary," but does not go on to define burglary. Hill argues that the district court erred as a matter of law when it concluded that the four prior burglary convictions—all of which were burglaries of business establishments, and three of which took place during the daytime—were within the meaning of "burglary" as that term is used in section 924(e)(2)(B), even though they would not be burglaries at common law.

## II.

"The starting point in every case involving construction of a statute is the language itself." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976). Here, the statute does not expressly define burglary. This might lead to the reasonable conclusion that any crime that a State denominates "burglary" will serve as a predicate offense. Indeed, the Eighth Circuit reasoned just this way:

[W]e find very little ambiguity on the face of the statute and, thus, no occasion to explore the legislative history. In our view, the statute says "burglary," and we take that to mean "burglary," however a state may choose to define it.

*United States v. Portwood*, 857 F.2d 1221, 1223–24 (8th Cir.1988).

Against this seemingly inescapable logic, appellant offers the canon of interpretation that when Congress uses a common law term and does not otherwise define it, we presume that Congress intended to adopt the meaning of the term at common law. *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288 (1952); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir.1982), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983). At common law, in 1789, it might safely be said that a burglary was defined

as the breaking and entering of the dwelling place of another in the nighttime with the intent to commit a felony. *See, e.g.,* 4 Blackstone, *Commentaries on the Laws of England* 224 (1789); 3 Coke, *Institutes of the Laws of England* 63 (1644). Because none of Hill's prior felony convictions involved the breaking and entering of a dwelling place, and only one took place in the nighttime, he would not have any prior convictions for the purposes of section 924(e) if we use the old common law definition. This is the result that the Fourth Circuit reached in *United States v. Headspeth,* 852 F.2d 753 (1988).

We are reluctant, however, to apply the common law definition and end our inquiry so quickly. The canon of interpretation that would have us supply the common law definition does so because, as a general matter, it will best approximate the intent of Congress. When it is apparent that Congress intended something else, however, we need not mechanically apply the common law definition, for to do so would raise a rule of judicial guidance above Congress's intent. Moreover, the canon of construction that would have us imply the common law definition has less force when we are looking at the effect of amendments to a statute. Where, as here, Congress sought to change a statute already on the books, it is proper for us to look at the text of the statute as it stood before the amendment, the actual amendment itself, and at any expression of intent made during the legislative process. Our goal first and foremost is to give effect to Congress's intent, thus, we turn to what interpretative means we have on hand.

### III.

#### A.

The genealogy of section 924 traces back to the Armed Career Criminal Act of 1984, which was enacted as a part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 1801, 98 Stat. 1837, 2185. The Armed Career Criminal Act amended 18 U.S.C.App. § 1202(a) to impose a mandatory minimum fifteen year sentence for "a person who receives, possesses, or trans-

ports in commerce or affecting commerce any firearm and who has three previous convictions by any [State or Federal] court ... for robbery or burglary, or both...." The Act defined burglary as "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense." Section 1202 in turn defined "felony" as an "offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less." 18 U.S.C.App. § 1202(c)(2) (repealed).

Less than two years after Congress passed the Armed Career Criminal Act, it revisited the area. In the Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104, 100 Stat. 449, 456–59 (1986), Congress repealed Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C.App. §§ 1201 et seq.), reincorporating many of the repealed provisions into section 924. The Armed Career Criminal Act became section 924(e).

The recodified Armed Career Criminal Act imposed the same minimum mandatory fifteen year sentence on "a person who violates section 922(g) of this title (e.g., a convicted felon who possesses a firearm) and has three previous convictions by any court ... for robbery or burglary, or both...." "Burglary" was in turn defined as "any crime punishable by a term of imprisonment exceeding one year and consisting of entering and remaining surreptitiously within a building that is the property of another with intent to engage in conduct constituting a Federal or State offense." The new definition, however, did not distinguish State misdemeanor burglary punishable by term in prison of two years or less from felony burglary.

Were this case presented under section 924(e) as originally enacted, our task would be quite simple because that section defined burglary as "any crime punishable by a term of imprisonment exceeding one year

and consisting of entering or remaining surreptitiously within a building that is the property of another with intent to engage in conduct constituting a Federal or State offense." Thus, Hill's previous convictions for daylight burglaries of business establishments would unquestionably fall within the enumerated offenses that permit sentence enhancement. Congress, however, returned to this area almost immediately after it had passed the Firearms Owners' Protection Act, and in changing the definition of the predicate offenses, opened the door for this appeal.

### B.

The Career Criminal Amendments Act of 1986, Subtitle I of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, §§ 1401–1402, 100 Stat. 3207, 3207–39 to 3207–40 (1986), amended section 924(e) to apply to "a person who violates section 922(g) of this title [e.g., a convicted felon possessing a firearm] and has three previous convictions ... for a violent felony or a serious drug offense." The Act went on to define "violent felony" as

any crime punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B) (West Supp. 1988). In amending section 924(e), however, Congress omitted the definition of burglary that the prior version contained, and provided no substitute specific defini-

tion. Thus we must decide whether Congress intended to go back to the old common law meaning of burglary when it deleted the specific definition of burglary from section 924(e).

### 1. *S. 2312 and H.R. 4639*

The Career Criminals Amendment Act of 1986 evolved from two different bills that sought to expand the list of predicate offenses of section 924(e) to include serious drug offenses and certain crimes of violence. One proposal, S. 2312 and its companion bill in the House of Representatives, H.R. 4639, defined a crime of violence as

(A) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Armed Career Criminal Act Amendments, Hearing on S.2312 Before the Subcomm. on Criminal Law of the Senate Comm. on the Judiciary,* 99th Cong., 2d Sess. 3 (1986) (reporting text of S.2312) [hereinafter Senate Hearing]; *Armed Career Criminal Legislation, Hearing on H.R. 4639 and H.R. 4768 Before the Subcomm. on Crime of the House of Representatives Comm. on the Judiciary,* 99th Cong., 2d Sess. 4 (1986) (reporting text of H.R. 4639) [hereinafter House Hearing].

When he introduced S. 2312, Senator Specter of Pennsylvania also entered into the Congressional Record a letter from Assistant Attorney General John R. Bolton expressing the administration's views on the need for the proposed amendment.[2] A

---

2. DEAR SENATOR SPECTER: This letter is in response to your letter of January 27, 1986, to the Deputy Attorney General requesting the views of the Department of Justice on expanding the coverage of the Armed Career Criminal Act of 1984, codified at 18 U.S.C.App. § 1202(a). In your letter you suggest two possible ways to expand the coverage of the Act.

As you note in your letter the Act is applicable to any person who is convicted of illegally

possessing a firearm and who has three or more prior convictions for robbery or burglary or both. Your first suggestion would expand the Act's coverage by adding to the predicate crimes of robbery and burglary the predicate crime of "serious drug offense." "Serious drug offense" would be defined as "an offense for which a maximum term of imprisonment of ten years or more is prescribed (for violations of various sections of title 21)." Your second suggestion would expand the

careful review of Senator Specter's comments introducing the bill and the Senate and House Hearings reveals that the goal of S.2312 and H.R. 4639 was to expand the coverage of section 924(e). Building on the success of the Armed Career Criminal Act, S. 2312 sought to provide a new definition for predicate offenses, a definition that would encompass all the offenses under the old Act, as well as certain drug offenses and other violent crimes.

From the floor of the Senate, Senator Specter introduced what he considered "a bill to broaden the scope of the Armed Career Criminal Act" in order to "broaden the so-called predicate crimes to include drug violations and certain other serious violent acts. This amendment would change the law by broadening the prior convictions which lead to the classifications of being a career criminal." 132 Cong.Rec. S4325 (daily ed. April 16, 1986). The rest of Senator Specter's remarks are much the same.

The Senate Hearing also reveals a shared understanding that the proposed amendment would expand the scope of the Armed Career Criminal Act. There is no hint of narrowing its scope, nor is there any mention of the old common law definition of burglary. Congressman Wyden, the sponsor of H.R. 4639, summed up the rationale behind the proposed expansion of predicate offenses:

> First, I think it is just a matter of simple logic to include crimes of violence as potential predicate offenses. It does not make any sense to say that a referral under the act is possible for a three-time bank robber, but not an habitual offender with prior convictions for rape and murder.

Senate Hearing at 5. Particularly instructive for the question we face in this appeal is the observation of James I.K. Knapp, the Deputy Assistant Attorney General, Criminal Division of the Justice Department, who stated that "[t]he term 'crime of violence' would include robberies and burglaries, since both are felonies that by their nature involve a substantial risk that physical force against the person or property of another may be used in the course of committing them." Senate Hearing at 9.

## 2. H.R. 4768

The House of Representatives considered H.R. 4639 along with H.R. 4768, a similar bill sponsored by Representatives Hughes and McCollum that also sought to expand the predicate offenses for the Armed Career Criminal Act. The Hughes/McCollum bill expanded the scope of section 924(e) to encompass prior convictions for "a violent felony or a serious drug offense." "Violent felony" was defined as "any State or Federal felony that has as an element the use, attempted use, or threatened use of physical force against the person of another." House Hearing at 6 (reporting text of bill).

Interestingly, although the language of H.R. 4768 would appear on its face to eliminate all possibility of using the Armed Career Criminal Act against persons with prior convictions for burglaries—in that the bill refers only to the use of force against the person of another—the House hearing on H.R. 4768 reveals a contrary understanding, at least on the part of its cosponsor.[3] Congressman McCollum suggested

Act's coverage by adding to the predicate crimes of robbery and burglary the predicate crime of "crime of violence."

We think the most efficacious way to expand the Act's coverage is to remove from the Act the terms "robbery" and "burglary," and to replace them with the terms "crime of violence" and "serious drug offense." The term "crime of violence" would encompass robbery and burglary since both are felonies that "by (their) nature, (involve) a substantial risk that physical force against the person or property of another may be used in the course of committing (them)." See 18 U.S.C.

§ 16(b). To include serious narcotics offenses within the Act's coverage it will be necessary to explicitly make a "serious drug offense" a predicate crime, because the term "crime of violence"—defined in 18 U.S.C. § 16(b)—has been interpreted by several courts to exclude narcotics offenses....

132 Cong.Rec. S4325 (daily ed. April 16, 1986) (March 18, 1986 letter from John R. Bolton to Senator Arlen Specter).

3. The National Association of Criminal Defense Lawyers, however, did recognize the apparent gap in the language of H.R. 4768, and suggested that the problem could be corrected by simply

that the bill would, like H.R. 4639, *expand* the predicate offenses while still including burglary and robbery: "I support [the] decision to expand [the Armed Career Criminal Act], which now covers burglary and robbery, to include other serious violent crimes." House Hearing at 7 (remarks of Representative McCollum). The main differences in the bills were seen as relating to the requirement in H.R. 4768 that only felony convictions serve as predicate offenses, while there was concern that misdemeanors might satisfy H.R. 4639.[4] Representative Wyden argued that H.R. 4768 should also include certain violent crimes against property such as arson, which the bill did not encompass as drafted. *See* House Hearing at 9, 10, 11–12.

### 3. *H.R. 4885*

The House Subcommittee on Crime adopted a proposal along the lines of H.R. 4768, but with language that defined violent felony in broader terms than H.R. 4768, and reported the proposed amendment as a clean bill, H.R. 4885, which the full House Committee on the Judiciary favorably reported. *See* H.R.Rep. No. 849, 99th Cong., 2d Sess. 4 (1986). H.R. 4885 defined "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) involves conduct that presents a serious potential risk of physical injury to another.

The House Report made clear that the final section "adds all State and Federal felonies against property such as burglary, arson, extortion, [etc.]" *Id.* at 5. Nevertheless, before becoming a part of the Anti–Drug Abuse Act of 1986, the definition was fur-

ther amended to define "violent felony" as it does today:

> any crime punishable by imprisonment for a term exceeding one year that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B) (West Supp. 1988).

### C.

Our review of this legislative history reveals that the purpose of the 1986 amendments to section 924(e) was to expand the predicate offenses, not restrict them. The legislative history shows that there were different proposals, but any differences went to how much Congress should expand the predicate offenses. Thus, we reach a different conclusion from that of the Fourth Circuit in *Headspeth*, which concluded that the omission of the prior specific definition of burglary, "viewed in light of the efforts to remove burglary altogether from the list of predicate offenses suggests that Congress intended to revert to the narrow common law definition of burglary." *Headspeth*, 852 F.2d at 758. Congress intended to expand the list of predicate offenses, to build on what it saw as the too limited success of the Armed Career Criminal Act. It would be odd indeed to conclude from this desire to expand the predicate offenses that Congress somehow intended to revert to the common law definition of burglary when that definition was never once mentioned in the legislative history of the act. Our review of the legisla-

---

adding the term "burglary" to the definition. *See* House Hearing at 34 (statement of Bruce M. Lyons). Indeed, this is the solution that Congress ultimately adopted.

**4.** Now of course, it is on the definition of crimes of violence where you have a modest difference between the legislative approaches that we have got here, and I want to make

very clear, Mr. Chairman, that my intent in adopting the language in H.R. 4639 was to make only crimes of violence that are deemed to be felonies under either Federal or State law new predicate offenses under the career criminal bill.
House Hearing at 8 (remarks of Representative Wyden).

tive history suggests that Congress intended that any burglary that would have met the definition of burglary under the previous act would fall within the meaning of burglary in the amended definition.

## IV.

Yet even if the legislative history were not as clear as we believe it to be, we would be reluctant to conclude that Congress intended to use a definition of burglary that has become an anachronism. Most States have abandoned the old common law definition of burglary, preferring instead to vary the degree of the offense by whether the structure was a dwelling, was occupied, or whether force or injury was threatened.[5] Indeed, the Florida statute under which Hill four times had been convicted is typical of current statutory definitions of burglary:

**810.02 Burglary**

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment ..., if, in the course of committing the offense, the offender:

(a) Makes an assault upon any person.

(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.

(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree.... Otherwise, burglary is a felony of the third degree....

Fla.Stat.Ann. § 810.02 (West 1976) (amended in minor ways 1982, 1983). Only a handful of jurisdictions today adhere to the old common law definition. We would hesitate before ruling that modern legislators intend a definition that, although familiar to Coke and Bacon, is little more than an historical anomaly today.

## V.

Appellant also argues that the principle of lenity requires us to construe any possible ambiguities in the statute in his favor. However, as this court has previously noted,

[t]he principle of lenity is " 'not an inexorable command to override common sense and evident statutory purpose.' " *United States v. Rojas*, 671 F.2d 159, 163 (5th Cir. Unit B Mar. 1982)[6] (quoting

**5.** Twenty-six States vary the degree of the burglary by the type of structure, whether the structure was occupied, when the burglary occurred, and/or whether injury occurred or was threatened. *See* Ala.Code §§ 13A–7–5 to 13A–7–7; Alaska Stat. §§ 11.46.300–310; Conn.Gen.Stat. §§ 53a–101 to 53a–103; Del.Code Ann. tit. 11, §§ 824–26; Fla.Stat.Ann. § 810.02; Idaho Code §§ 18–1401 to 18–1402; Ill.Rev.Stat. ch. 38, ¶¶ 19–1 to 19–3; Ind.Code § 35–43–2–1; Iowa Code §§ 713.1–3; Kan.Stat.Ann. §§ 21–3715 to 21–3716; Ky.Rev.Stat.Ann. §§ 511.020–040; La. Rev.Stat.Ann. §§ 14:60–62; Minn.Stat. § 609.582; Mo.Rev.Stat. §§ 569.160 to 569.170; Mont.Code Ann. § 45–6–204; Neb.Rev.Stat. § 28–507; N.J.Rev.Stat. § 2C:18–2; N.M.Stat. Ann. §§ 30–16–3 to 30–16–4; New York Penal Law §§ 140.20–30; N.C.Gen.Stat. §§ 14–51 to 14–54; Ohio Rev.Code Ann. §§ 2911.11–13; Ok. Stat. tit. 21, §§ 1431–35; Tenn.Code Ann. §§ 39–3–401 to 39–3–404; Texas Penal Code Ann.

§ 30.02; Wash.Rev.Code §§ 9A.52.020–030; Wis.Stat. § 943.10. Five states make no such distinctions. *See* Ark.Stat.Ann. § 5–39–201; Cal.Penal Code § 459; O.C.G.A. § 16–7–1; Nev. Rev.Stat. § 205.060; Wyo.Stat. § 6–3–301. Five states have retained the old common law definition of burglary, or one that is almost identical. Md.Ann.Code art. 27, § 30; Mass.Gen.L. ch. 266, §§ 14, 15; R.I.Gen.Laws § 11–8–1; Va.Code Ann. § 18.2–89; W.Va.Code § 61–3–11. Fourteen States were not surveyed: Arizona; Colorado; Hawaii; Maine; Michigan; Mississippi; New Hampshire; North Dakota; Oregon; Pennsylvania; South Carolina; South Dakota; Utah; and Vermont.

**6.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the decisions of Unit B of the former Fifth Circuit rendered before September 30, 1982.

*United States v. Moore*, 423 U.S. 122, 145, 96 S.Ct. 335, 346, 46 L.Ed.2d 333 (1975). Indeed, the doctrine of lenity should not be invoked until a court "seiz[ing] everything from which aid can be derived, ... [is] left with an ambiguous statute." *United States v. Noe*, 634 F.2d 860, 862 (5th Cir.)[7], *cert. denied*, 454 U.S. 876, 102 S.Ct. 355, 70 L.Ed.2d 186 (1981) (quoting *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971)). *United States v. Cruz*, 805 F.2d 1464, 1465–66 (11th Cir.1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987). Our review of the legislative history of the amendments to section 924(e)

has removed from our minds any ambiguity in the statute; therefore, the principle of lenity does not come into play.

## VI.

For the foregoing reasons the order of the district court imposing the minimum mandatory sentence under section 924(e) is AFFIRMED.

**7.** In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit sitting in banc adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.