UNITED STATES of America,
Plaintiff–Appellee,

v.

Mitchell Ray LEONARD,
Defendant–Appellant.

No. 88–1570.

United States Court of Appeals,
Fifth Circuit.

March 20, 1989.

George V. Basham, III, Austin, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, and HIGGINBOTHAM, Circuit Judges, and LITTLE *, District Judge.

---

\* District Judge of the Western District of Louisiana, sitting by designation.

**PATRICK E. HIGGINBOTHAM, Circuit Judge:**

Mitchell Ray Leonard pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court enhanced his sentence pursuant to 18 U.S.C. § 924(e)(1), which provides for a fifteen year minimum sentence for those who violate § 922(g) and have three prior convictions for violent felonies. Leonard contends that the trial court erred by enhancing his sentence on the basis of his three Texas burglary convictions, and also argues that § 924(e) constitutes an unconstitutional *ex post facto* law. We affirm the sentence imposed by the trial court.

## I

Leonard was indicted for being a three-time convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Pursuant to Leonard's motion, the trial court dismissed those portions of the indictment alleging a separate violation of § 924(e)(1). The trial court correctly ruled that § 924(e)(1) was a sentence enhancement provision rather than a separate offense.[1] The government then noticed its intent to seek enhancement of Leonard's sentence pursuant to § 924(e)(1) based on his three prior convictions for burglary in Texas.

Leonard pled guilty to possessing a firearm in violation of § 922(g)(1), but moved to deny enhancement of his sentence under § 924(e)(1) on grounds that his burglary convictions were not "violent felonies" as required by that provision. The parties stipulated that on August 8, 1975 and February 4, 1977, Leonard had been convicted of burglary of a habitation, and that on July 30, 1976, he had been convicted of burglary of a building. The government produced certified copies of these convictions. After a hearing, the trial court denied Leonard's motion. Leonard was later

---

**1.** This issue was recently resolved in *United States v. Affleck*, 861 F.2d 97 (5th Cir.1988) (§ 924(e)(1) is penalty enhancement provision rather than a separate substantive offense).

sentenced to fifteen years incarceration pursuant to § 924(e)(1).

## II

Leonard does not challenge his conviction under § 922(g)(1). His sole contention on appeal is that the trial court erroneously enhanced his sentence pursuant to § 924(e)(1).

Section 924(e)(1) provides, in relevant part, that:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions* by any court referred to in section 922(g)(1) of this title for a *violent felony* or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1) (Supp.1988) (emphasis added). "Violent felony" is defined at section 924(e)(2)(B), which reads:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is *burglary,* arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (Supp.1988) (emphasis added).

The trial court enhanced Leonard's sentence under § 924(e)(1) based on his three Texas burglary convictions. Leonard argues that this was error.

Leonard contends that § 924(e)(2)(B) defines as "violent felonies" only those offenses which involve actual or potential physical injury to others. He argues that since the offense of burglary in Texas includes a variety of non-violent crimes, not all Texas burglary convictions come within the purview of § 924(e)(2)(B)(ii).[2] He claims that the trial court erred by enhancing his sentence without first analyzing the specific conduct underlying his burglary convictions to determine whether they involved actual or potential physical injury to others.

The government responds that in § 924(e)(2)(B)(ii) Congress made the determination that certain enumerated property crimes, including burglary, were offenses which involved potential physical injury to others. The government argues that the trial court need only consider such prior offenses in their generic sense, without looking to the underlying conduct to determine whether it involved the risk of violence.

We begin with the plain language of the statute. *See United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). "If the statutory language is unambiguous, in the absence of a 'clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *Turkette,* 452 U.S. at 580, 101 S.Ct. at 2527.

Section 924(e)(2)(B)(ii) defines "violent felony" as any crime that "is burglary, arson, or extortion ..., *or otherwise* involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). We read the clear language of the statute to designate these enumerated property crimes as "violent felonies" for purposes of sentence enhancement, without regard to whether the underlying conduct involved actual or potential violence. The plain language of subsection (ii) reflects Congress' determination that these property crimes present an inherent risk of violence. Leonard's construction of the statute, that actual or potential violence must also be established, renders superfluous the language in the first clause of subsection (ii). We have held that "'a statute should not be construed in such a way as to render certain provisions superfluous or in-

---

**2.** "Burglary" is defined at common law as breaking and entering the dwelling house of another, in the nighttime, with the intent to commit a felony therein. Texas has expanded this definition to include burglary of a habitation, building, coin-operated machine, or of a vehicle. Tex.Penal Code Ann. §§ 30.01—30.05 (Vernon 1989).

significant.'" *Woodfork v. Marine Cooks and Stewards Union,* 642 F.2d 966, 970–71 (5th Cir.1981).

Two circuits have recently rejected similar challenges to sentence enhancement under § 924(e)(1) based on the plain language of the statute. In *United States v. Dickerson,* 857 F.2d 414, 418–19 (7th Cir. 1988), the Seventh Circuit rejected an appellant's argument that his three prior burglary convictions did not qualify as "violent felonies" because he was unarmed when he committed them. After reviewing the language of the statute, the court concluded:

> It is clear from the language of the statute that all burglaries satisfy the prerequisites of § 924. As the trial judge correctly noted, if Congress intended to include only crimes in which serious physical injury was involved, it would have worded the statute to say "burglary, arson, or extortion, *and* involves use of explosives or otherwise involves conduct that presents a serious risk of physical injury to another.

857 F.2d at 419 (emphasis in original).

Similarly, in *United States v. Portwood,* 857 F.2d 1221 (8th Cir.1988), the Eighth Circuit rejected appellants' claim that their prior convictions for second-degree burglary under Missouri law did not justify enhanced punishment under § 924(e)(1).[3] While conceding that the definition of "violent felony" at § 924(e)(2)(B) included "burglary," appellants argued that the meaning of that term was ambiguous since the statute did not define it. The court disagreed, stating:

> [W]e find very little ambiguity on the face of the statute and, thus, no occasion to explore the legislative history. In our view, the statute says "burglary," and we take that to mean "burglary," however a state may choose to define it. Congress could quite reasonably conclude that no matter what the felon's intent upon breaking in, the property owner may return, a neighbor may investigate, or a law enforcement official may

respond. All of these scenarios present a grave threat of harm to persons. A person with three prior convictions for burglary, regardless of the details of each burglary, presents the type of potential threat to society that Congress sought to control by the enactment of § 924(e).

857 F.2d at 1223–24. *Accord United States v. Taylor,* 864 F.2d 625 (8th Cir. 1989) (rejecting argument that second degree burglary is improper basis for sentence enhancement because, unlike first degree burglary, it involves no potential for violence).

We find further support for our conclusion in the Ninth Circuit's recent decision in *United States v. Sherbondy,* 865 F.2d 996 (9th Cir.1988). In that case, the Ninth Circuit considered whether a prior conviction for preventing or dissuading a witness from testifying qualified as a "violent felony." As part of its inquiry, the court considered whether that offense fell within the scope of § 924(e)(2)(B)(ii) as a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another." The court conducted an exhaustive inquiry into the legislative history of the statute to determine whether subsection (ii) contemplates an inquiry into the specific conduct underlying the prior conviction or whether the court should consider the offense only in its generic sense.

> One conclusion we draw from our review of the legislative history is that Congress consistently discussed subsection (ii) in categorical terms: i.e., in terms of what offenses it would include. There is no indication that Congress intended that a particular statutory or common law crime would in some circumstances constitute a violent felony and in other circumstances not, depending upon how the offense was committed. The first part of subsection (ii) sets forth specific property offenses that Congress expressly wanted to cover: that part, like subsec-

---

**3.** Missouri defines second degree burglary as "knowingly enter[ing] unlawfully or knowingly remain[ing] unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo.Rev.Stat. § 569.170.1. As a felony, second degree burglary is punishable by imprisonment for a term exceeding one year. Mo.Rev.Stat. § 556.016.2.

tion (i), is clearly categorial; a burglar, for example, cannot claim as a defense that his or her particular conduct was non-violent.

865 F.2d at 1008.

The Ninth Circuit went on to hold that when determining whether a prior offense is a "violent felony" under either subsection of § 924(e)(2)(B), the trial court should consider only the fact of conviction and the statute establishing the crime. The court concluded that sentence enhancement was appropriate when, and only when, the statutorily defined crime fits within one of the categories of offenses listed in § 924(e)(2)(B). *Sherbondy,* 865 F.2d at 1009–1010. An offense comes within the ambit of subsection (ii) if the offense is denominated by one of the labels specifically enumerated or if the generic offense described in the statute fits the catch all "otherwise" category of that subsection.

As the Ninth Circuit has noted, requiring trial courts to conduct a factual inquiry into the specific conduct underlying a prior offense presents several difficulties. *See Sherbondy,* 865 F.2d at 1008. Evidentiary hearings would often require testimony about events many years past by witnesses who may no longer be available. Even if the court were to limit its inquiry to court records, substantial problems would arise where, as in Leonard's case, prior convictions are based on guilty pleas and little or no record has been developed. In view of the absence of any statutory authorization or guidance as to the manner and scope of such an inquiry, we doubt that Congress intended the trial court to inquire into the specific conduct underlying each prior offense. *See United States v. Vidaure,* 861 F.2d 1337, 1340 (5th Cir.1988) (determination of whether prior offense is a violent felony for purposes of § 924(e) does not involve examination of particular defendant's conduct).

■ We therefore conclude that when considering whether a prior conviction falls within the categories of property crimes specifically mentioned in subsection (ii), the trial court must limit its inquiry to the fact of conviction and whether the prior of-

fense, *as denominated by the statute,* comes within one of those categories of offenses.

Our interpretation of the multiple offender statute implies that those convicted of similar crimes in different states may be treated differently if the states denominate the crimes differently. This apparent anomaly is, however, a necessary incident to a statute that varies punishment on the basis of past convictions, and on the basis of the character of the crimes for which the defendant was convicted, rather than on the basis of the defendant's specific behavior. As the text of the statute makes clear, Congress determined that it would be most practical to assess sentences on the basis of past convictions, rather than on the basis of underlying behavior. By deferring to state convictions and state law characterizations of offenses, Congress favored administrative practicality over uniformity. We have no warrant to re-weigh this choice.

In any event, if the various state statutes defining burglary are not entirely congruent, neither are they entirely divergent. States do not arbitrarily denominate crimes "burglary." Rather, the names of the crimes reflect a general understanding of the crime, a common ground that will soften the uneven impact of the federal repeat offender statute.

An additional circumstance reduces any disparities. A prior burglary conviction qualifies as a "violent felony" for purposes of sentence enhancement only if the conviction was for a "felony" that is "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). This limitation will preclude sentence enhancement based upon petty offenses that the state denominates burglary. For example, Texas recognizes as an offense "Burglary of Coin–Operated or Coin Collection Machines." *See* Tex.Penal Code Ann. § 30.03 (Vernon 1989). This offense, however, is not a felony. It is a Class A misdemeanor. *Id.* at § 30.03(c). As such, it does not come within § 924(e)(2)(B)'s definition of "violent felony."

Our holding today is in no respect inconsistent with that of the Fourth Circuit in *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). In *Headspeth*, the court held that a state offense *not* denominated "burglary" is not burglary within the meaning of § 924(e)(2)(B)(ii) unless the state offense fits within the common law definition of burglary. We, unlike the *Headspeth* court, deal with an offense denominated "burglary" by the state of Texas. *Headspeth* is distinguishable.

*Headspeth* involved a prior conviction for "storehouse breaking," an offense similar to burglary, but not so defined by the Maryland statute.[4] The court considered whether that prior conviction could serve as the basis for sentence enhancement on grounds that it was a form of "burglary" within the meaning of subsection (ii). The court found that since § 924(e) did not define the term "burglary," it was bound by the canon of interpretation that when Congress uses a common law term and does not otherwise define it, the presumption is that Congress intended to adopt the meaning of the term at common law. *Headspeth*, 852 F.2d at 757 (citing *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288 (1952)).

An earlier version of the statute,[5] 18 U.S.C. § 1202(a), resting sentence enhancement on prior convictions for robbery or burglary, contained a broad definition of burglary.[6] When Congress amended the statute in 1986 to expand the list of predicate offenses to "violent felonies" and "ser-

ious drug offenses," it retained burglary as a predicate offense but deleted the broad definition of that term present in the former statute. 18 U.S.C. § 924(e). The Fourth Circuit concluded that Congress' failure to define burglary in the amended statute, when viewed in light of earlier proposals aimed at removing burglary from the list of predicate offenses altogether, indicated Congress' intent "to revert to the narrow common law definition of burglary in the amended statute." *Headspeth*, 852 F.2d at 758. The court found this common law definition more compatible with subsection (ii)'s "focus on conduct which poses a serious potential risk of injury to the person." *Id.* The court then held that Headspeth's prior conviction for "storehouse breaking" did not come within the common law definition of burglary.

In considering whether Headspeth's prior offense for "storehouse breaking" could nevertheless serve as the basis for sentence enhancement under § 924(e), the court proceeded to determine whether "storehouse breaking" was a crime which, under subsection (ii), "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 758–59. The court found that this clause of subsection (ii) must be limited to "offenses, which, as defined, pose *by their very nature* a serious potential risk of injury to another." *Id.* at 759 (emphasis in original). It concluded that while "[w]hile particular instances of storehouse breaking may, on occasion, present some risk of injury to a person, the crime itself is not

---

**4.** Maryland defines "storehouse breaking" as "breaking [into] a storehouse, filling station, garage, trailer, cabin, diner, a warehouse or other outhouse or into a boat in the day or night with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of $300 or more therefrom...." Md.Ann.Code art. 27, § 32 (1987).

**5.** The provisions contained in § 924(e)(1) were previously codified at 18 U.S.C.App. § 1202(a), which prohibited previously convicted felons from receiving, possessing, or transporting in commerce, or affecting commerce, any firearm. Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. 90–351, § 1202(a), 82 Stat. 197, 236 (1968). In 1984, Congress amended Section

1202(a), adding an increased penalty for felons with three previous convictions for robbery or burglary who subsequently possessed firearms. Armed Career Criminal Act of 1984, Pub.L. 98–473, § 1202(a), 98 Stat. 2185 (1985). In 1986, Congress repealed § 1202(a). The Armed Career Criminal Act was then amended and recodified at 18 U.S.C. § 924(e), as part of a general consolidation of the federal firearms laws. Firearms Owners' Protection Act, Pub.L. No. 99–308, 100 Stat. 456 (1986).

**6.** The Act defined burglary as "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense. 18 U.S.C.App. § 1202(c)(2) (repealed).

one which, like common law burglary ... poses such a risk *by its very nature. Id.* at 758–59 (emphasis in original).[7]

The Fourth Circuit's conclusion that, in considering prior offenses for sentence enhancement under § 924(e)(2)(B)(ii), the court must limit its inquiry to the nature of the prior offense as defined in the statute is completely consistent with our decision. It is true that some of its language, equating the statutory reference to "burglary" in § 924(e)(2)(B)(ii) with the common law definition of burglary, is arguably contrary. The Fourth Circuit, however, never addressed the problem confronting us today: whether or not § 924(e)(2)(B)(ii)'s reference to burglary encompasses a crime which the state denominates "burglary" but which falls outside the scope of the common law crime of burglary.

The Eleventh Circuit recently addressed precisely this issue, and rejected the conclusions implied by the *Headspeth* court. *United States v. Hill,* 863 F.2d 1575 (11th Cir.1989). After an exhaustive inquiry into the legislative history of § 924(e), the Eleventh Circuit concluded that the various proposals differed only as to the *extent* Congress should expand the predicate offenses. *Id.* at 1581. The court criticized the Fourth Circuit's decision in *Headspeth,* concluding that "[i]t would be odd indeed to conclude from this desire to expand the predicate offenses that Congress somehow intended to revert to the common law definition of burglary when that definition was never once mentioned in the legislative history of the act." *Id.* In addition, the court noted that since most states had abandoned the old common law definition of burglary, it was unlikely that Congress intended a meaning for burglary that "is little more than an historical anomaly today." *Id.* at 1582.[8] The court concluded that any burglary within the definition of the prior act

would be burglary within the meaning of § 924(e)(2)(B)(ii). The *Hill* court did not indicate how it would consider burglaries that did not come within the definition of the prior act.

■ We conclude that a conviction for a crime which the state denominates "burglary" is a conviction for burglary within the meaning of § 924(e)(2)(B)(ii). The sentencing court need not inquire into the elements of the state law offense, or into the particular behavior underlying the defendant's conviction. Every circuit squarely confronting this issue has so held, and we agree. Leonard was convicted of crimes which Texas denominates "burglary." We therefore find no error in the trial court's decision to enhance Leonard's sentence based on these prior burglary convictions.

### III

Leonard finally argues that § 924(e) is an unconstitutional *ex post facto* law. U.S. Const., art. I, § 9, cl. 3. He claims that Congress' enactment of § 924(e)(2)(B) in 1986 retrospectively defined his prior burglary convictions as "violent felonies" when "neither his conduct nor his convictions ha[d] such a character under Texas law."

■ An *ex post facto* law is a criminal or penal measure which is retrospective and is disadvantageous to the offender because it may impose greater punishment. *Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981); *Dobbert v. Florida,* 432 U.S. 282, 292–93, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977). Leonard's argument reflects a misunderstanding as to the function of his burglary convictions under the statute. Neither his conviction nor the sentence he complains of punishes him for those prior offenses. Those offenses merely led to an enhanced

---

**7.** The conduct underlying this offense may well have been found to involve the potential for physical injury to others, since Headspeth had thrown a brick through the plate glass window of a jewelry store in committing the crime.

**8.** The court noted that some twenty-six states, including Texas, have abandoned the common law definition of burglary in favor of one that

varies the degree of the offense according to the nature of the structure, whether it was occupied, and/or whether force of injury was threatened. Five states make no such distinctions, and five other states have retained the common-law definition of burglary. Fourteen states were not surveyed. *Hill,* 863 F.2d at 1582 n. 5.

sentence for his new crime. Leonard pled guilty to violating § 922(g)(1) on May 26, 1988, *after* the effective date of § 924(e)(1). Section 924(e) is not retrospective because it bases enhancement of his sentence upon convictions which preceded its enactment.

In *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Supreme Court rejected the argument that a recidivist statute operated retroactively as an *ex post facto* law simply because the offense that gave rise to the accused's status as a habitual offender occurred prior to the effective date of the recidivist statute. The Court explained:

> The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

334 U.S. at 732, 68 S.Ct. at 1258.

Accordingly, we find that § 924(e) does not violate the Constitution's prohibition against *ex post facto* laws.

For the reasons stated above, we affirm the enhanced sentence imposed by the trial court under § 924(e).

AFFIRMED.