(900 P.2d 254)

No. 72,400

STATE OF KANSAS, *Appellee*, v. TAD J. LANDON, *Appellant*.

Opinion filed August 11, 1995.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jeff Elder*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON, J., and RICHARD B. WALKER, District Judge, assigned.

PIERRON, J.: Tad Landon appeals his sentence for forgery, arguing that the district court erred in finding his criminal history category to be B. We affirm.

Landon pled guilty to forgery, K.S.A. 1993 Supp. 21-3710, and was sentenced to 19 months in prison. At sentencing, the district court determined that Landon's criminal history category was B because of two prior convictions for residential burglaries which were scored as person felonies. Landon unsuccessfully argued that the burglary convictions should not be scored as person felonies because, at the time he pled guilty to the burglaries in 1982, his counsel did not advise him of the potential consequence that the

convictions would count as person felonies in his criminal history in the future.

Landon makes two arguments on appeal in support of his contention that his burglary convictions should not have been counted as person felonies for purposes of determining his criminal history category. First, Landon argues that, at the time he was convicted of the burglaries, simple burglary was designated as a property crime. See K.S.A. 21-3715 (Ensley 1988). Landon's counsel could not foresee and, thus, did not advise Landon that his burglary convictions would be considered person felonies for purposes of determining his criminal history in the future. Because he was not advised of all of the consequences of his decision to plead guilty to the burglaries, Landon argues that his burglary convictions should not be considered person felonies. See *Morrow v. State*, 219 Kan. 442, 445, 548 P.2d 727 (1976) (in advising defendant regarding plea, defense counsel should explain range of possible penalties and consequences of plea).

The State argues that while defense counsel has an obligation to inform the defendant of the penal consequences of a plea, that obligation does not extend to collateral consequences. See *Cox v. State*, 16 Kan. App. 2d 128, Syl. ¶ 1, 819 P.2d 1241 (1991), *rev. denied* 250 Kan. 804 (1992) (trial court not required to inform defendant that he would lose certain civil rights as collateral consequence of plea). We find that if a defendant need not be informed of the collateral consequences of a plea, it follows that defense counsel need not anticipate changes in the law in order to advise a defendant of some potential future consequence of a plea.

Landon's second argument is related to the first. Since burglary was a property crime and not a person crime at the time he pled guilty, Landon argues the redesignation of burglary as a person crime for purposes of determining his criminal history violates the constitutional prohibition against ex post facto laws.

"The United States Constitution prohibits the legislative enactment of any ex post facto law. U.S. Const., art. I, § 10. Two critical elements must be present for a criminal or penal law to be ex post facto: It must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. A criminal law disadvantages the offender if it punishes

an act not punishable when committed, imposes additional punishment to that then prescribed, aggravates the crime, or alters the legal rules of evidence." *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, Syl. ¶ 8, 812 P.2d 761 (1991).

Landon argues the sentencing guidelines operate retrospectively as they give his prior convictions a more serious designation than they had at the time he was convicted. He argues he has been disadvantaged by the guidelines because the designation of his prior convictions as person felonies resulted in a longer sentence for his forgery conviction than he would have otherwise received.

The State argues that Landon's case is analogous to cases in which a habitual offender's sentence is enhanced due to offenses committed before the habitual offender provisions became law. Kansas courts have held that such habitual criminal statutes are not ex post facto laws. In *State v. Campbell*, 9 Kan. App. 2d 474, 477, 681 P.2d 679 (1984), this court explained that a repeat offender is not punished for the prior offense, but is given an enhanced penalty on the current offense because of his status as a repeat offender. See *State v. Jones*, 214 Kan. 568, 570, 521 P.2d 278 (1974).

The same analysis applies to Landon's argument. Landon is not being punished for his prior burglary convictions; instead, his prior convictions establish a sentencing classification for his current offense.

The State also cites two federal cases in support of its argument that designating Landon's prior burglary convictions as person felonies for criminal history purposes does not violate the prohibition against ex post facto laws. In *U.S. v. Bucaro*, 898 F.2d 368 (3d Cir. 1990), the defendant argued that the federal sentencing guidelines violate the constitutional prohibition against ex post facto laws because they require consideration of juvenile adjudications in calculating criminal history. The *Bucaro* court rejected the defendant's argument because the defendant was not being punished for his juvenile conduct and the guidelines were in effect when the defendant committed the crimes for which the court imposed the sentence he attacked. 898 F.2d at 371.

In *U.S. v. Leonard*, 868 F.2d 1393 (5th Cir. 1989), *cert. denied* 496 U.S. 904 (1990), the defendant argued that 18 U.S.C. § 924(e)(1) (1988) violated the prohibition against ex post facto laws

because it characterized his prior state burglary convictions as "violent felonies" which could be used to enhance his sentence even though the burglaries were not so defined under state law when the defendant was convicted. The *Leonard* court stated:

"Leonard's argument reflects a misunderstanding as to the function of his burglary convictions under the statute. Neither his [current] conviction nor the sentence he complains of punishes him for those prior offenses. Those [prior] offenses merely led to an enhanced sentence for his new crime. . . . Section 924(e) is not retrospective because it bases enhancement of his sentence upon convictions which preceded its enactment." 868 F.2d at 1399-1400.

Landon's argument is basically identical to the arguments rejected in *Bucaro* and *Leonard*. Under the analysis of these cases and of the Kansas cases dealing with habitual criminal statutes, the designation of Landon's prior burglary convictions as person felonies for the purpose of determining criminal history under the sentencing guidelines does not violate the prohibition against ex post facto laws.

Affirmed.