# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 95-10679
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE EARL HUDSON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-289-A
- - - - - - - - - -
February 7, 1996
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Bennie Earl Hudson appeals from the district court's order denying his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. He argues that: he received ineffective assistance of counsel; his conviction on two counts of being a felon in possession of a firearm, under 18 U.S.C. §§ 922(g) and 924(e), violated the Double Jeopardy Clause; the sentencing court's reliance on allegedly uncounseled prior convictions violated his due process rights; the court's reliance on convictions that pre-dated § 924(e)'s enactment violated the Ex Post Facto Clause; the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court denied him allocution in violation of Fed. R. Crim. P. 32; and the term "burglary" in § 924(e) is unconstitutionally "void for vagueness." We have reviewed the record and the district court's opinion and perceive no reversible error. Although the district court failed to address Hudson's ex post facto claim, this court has reviewed and rejected an identical claim in a previous case. See United States v. Leonard, 868 F.2d 1393, 1399 (5th Cir. 1989), cert. denied, 496 U.S. 904 (1990). Otherwise, we affirm for essentially the reasons given by the district court. United States v. Hudson, No. 4:95-CV-289-A (N.D. Tex. July 16, 1995).

Hudson's motion to supplement the record on appeal is DENIED.

AFFIRMED.