**Robert GARLAND, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 86–3608.

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 1988.

---

**17.** *See supra* n. 15.

Keith A. Findley, Legal Assistance to Institutionalized Persons, Madison, Wis., for petitioner-appellant.

Robert W. Merkle, U.S. Atty., M. Alan Ceballos, Asst. U.S. Atty., Jacksonville, Fla., for respondent-appellee.

Before VANCE and HATCHETT, Circuit Judges, and O'KELLEY *, District Judge.

VANCE, Circuit Judge:

Appellant Robert Garland appeals the district court's order vacating his original sentences in four criminal cases and imposing new sentences. The district court's order, entered eight months after the original sentences were imposed, increased appellant's aggregate term of imprisonment. Based on the district court's lack of jurisdiction to modify a legal sentence beyond a 120 day period, *see* Fed.R.Crim.P. 35, and the district court's lack of jurisdiction to provide relief under 28 U.S.C. § 2255, we vacate the district court's order and order the original sentences reinstated.

Appellant was charged in four indictments with bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The indictments were from four different judicial districts and included: case number 85–105–CR–J–16 (85–105) from the Middle District of Florida; case number 85–186–CR–J–16 (85–186) from the Central District of Illinois; case number 85–188–CR–J–16 (85–188) from the Northern District of Illinois; and

case number 85–198–CR–J–16 (85–198) from the District of New Jersey. The four indictments were consolidated for entry of guilty pleas in the Middle District of Florida.

Two separate plea agreements covered the four indictments. The plea agreement governing case number 85–105 provided that appellant's sentence could be concurrent with or consecutive to any sentence imposed upon parole revocation in a separate case in the Southern District of Illinois.[1] The plea agreement did not recommend any specific sentence, but acknowledged that the maximum sentence was twenty-five years imprisonment, a $250,000 fine or both. Acknowledging that the court could again impose the maximum sentence, the other plea agreement governing case numbers 85–186, 85–188 and 85–198 provided that the sentences would be served concurrently to each other and the sentence imposed in case number 85–105.

On December 18, 1985 the district court accepted the plea agreements and appellant pled guilty in each case. The sentences imposed by the district court, however, were inconsistent with the terms of the plea agreements. Appellant received sixteen year sentences in case numbers 85–105, 85–186 and 85–188. The court stated that the three sentences would be served concurrently. In case number 85–198 appellant was sentenced to nine years imprisonment to be served consecutively to any term imposed upon parole revocation by the Southern District of Illinois.

Appellant filed a timely motion under Fed.R.Crim.P. 35 for reduction of sentence which the district court denied. On July 3, 1986 appellant filed a motion *pro se* under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence in case number 85–198. Appellant asked the court to correct the sentence in case number 85–198 so it would conform with the terms of the plea agreement.[2] On August 19, 1986 the dis-

---

* Honorable William C. O'Kelley, U.S. District Judge for the Northern District of Georgia, sitting by designation.

1. At the time of the indictments Garland was on parole from a sentence imposed by the Southern District of Illinois in case number 3509–136.

2. In essence, appellant sought to change his nine year consecutive sentence in case number

trict court vacated the sentences in all four cases and imposed new sentences with an aggregate term of twenty-five years.[3] In the order vacating the original sentences the district court judge stated that he initially intended to sentence appellant to twenty-five years imprisonment.

■ The district court exceeded its authority under 28 U.S.C. § 2255 by vacating the sentences originally imposed on appellant. Appellant's request for relief in case number 85–198 simply does not fall within the scope of a section 2255 motion. A prisoner in federal custody may obtain relief under section 2255 provided: the sentence is unconstitutional or in violation of the laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence exceeds the maximum penalty authorized by law; or the sentence is subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962).

■ We find that the original sentence in case number 85–198 was not subject to relief under section 2255. The case was properly transferred to the Middle District of Florida for sentencing. *See* Fed.R. Crim.P. 20. The original nine year sentence was not illegal because it was well within the statutory maximum for armed bank robbery. In addition, appellant did not make a direct appeal based on the sentencing error and does not demonstrate

entitlement to collateral relief with his section 2255 motion.[4] The district court therefore was not authorized under 28 U.S.C. § 2255 to modify the original sentence in case number 85–198.

■ Appellant's section 2255 motion challenging the sentence in case number 85–198 clearly did not give the district court jurisdiction to modify the sentences in case numbers 85–105, 85–186 and 85–188. Because the sentences imposed in these three cases were not even presented in appellant's motion, the court had no basis to alter the original sentences. We therefore hold that the district court lacked jurisdiction to vacate appellant's original sentence and impose new sentences. Accordingly, the district court's order of August 19, 1986 vacating the original sentences and imposing new sentences is vacated and the original sentences ordered reinstated.

ORDER VACATED and REMANDED.

---

85–198 to a nine year sentence to run concurrently with the sentences in the other three cases.

3. Specifically, the court imposed sixteen year terms in case numbers 85–186 and 85–188 and a nine year term in case number 85–198 to be served concurrently with one another. The court imposed a nine year sentence in case number 85–105 to be served consecutively to the sentence imposed in case number 85–188. Appellant points out that the new sentences are still inconsistent with the plea agreement accepted by the court.

4. Appellant's section 2255 motion may be construed as a collateral attack based on a violation of Fed.R.Crim.P. 11. *See Lilly v. United States*, 792 F.2d 1541 (11th Cir.1986). Collateral relief based on trial error is available provided the defendant shows "cause" for failing to pursue the error on direct appeal and that the error resulted in "actual prejudice." *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). Appellant neither alleged nor did he undertake to prove cause and prejudice.