**James Alfonso GREENE,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 88–8475.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1989.

**1300**

Roy E. Paul, Savannah, Ga., for petitioner-appellant.

William H. McAbee, II, U.S. Dept. of Justice, U.S. Attorney's office, Savannah, Ga., for respondent-appellee.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

This case arises on appeal from the denial of a motion brought under 28 U.S.C.A. § 2255 to vacate, amend, or set aside the sentence of James Alfonso Greene.

Greene was convicted of violating 18 U.S.C. App. § 1202(a), *repealed*, Pub.L. No. 99–308, § 104(b), 100 Stat. 449, 459 (1986),[1] by possessing a firearm after having been convicted of a felony. The district court sentenced Greene to fifteen years' incarceration without probation or parole pursuant to the enhanced penalty provision of section 1202(a) because he had been convicted of three prior felonies involving burglary. We affirm.

## I. FACTS

On October 4, 1985, police officers in Savannah, Georgia, executed a search warrant on the apartment of petitioner's girlfriend. The officers discovered petitioner in possession of a stolen 9mm automatic pistol and two twelve-gauge shotguns. Petitioner was indicted under section 1202(a). The superseding indictment under which petitioner was convicted charged him with eight prior felony convictions: four 1962 convictions for burglary; a 1962 conviction for assault; a 1970 conviction for burglary; a 1973 conviction for embezzlement; and a 1977 conviction for burglary. Section 1202(a) provided for an enhanced sentence if the defendant had been convicted previously three or more times of robbery or burglary.[2] The 1973 conviction for embezzlement and the 1962 conviction for assault could not have been used for penalty enhancement because section 1202(a) refers only to prior robbery or burglary convictions. On March 27, 1986, petitioner was convicted of possessing a firearm after having been convicted previously of a felo-

---

1. This statute has been recodified at 18 U.S.C.A. §§ 922(h) and 924. Its repeal became effective 180 days after May 19, 1986. Pub.L. No. 99–308, § 110(a), 100 Stat. 449, 460–61 (1986). The statute provided:

 Any person who—
 (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

 . . . . .

 and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. In 1984, section 1202(a) was expanded to include the following:

 In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has *three previous convictions* by any court ... *for robbery or burglary,* or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

ny. On April 24, 1986, the district court sentenced petitioner to fifteen years' imprisonment without parole, based on the 1977, the 1970, and the 1962 burglary convictions. On direct appeal, this Court affirmed the conviction and sentence. *United States v. Greene*, 810 F.2d 999 (11th Cir.1986).

On October 15, 1987, a Georgia state court struck petitioner's 1962 burglary convictions from his record because the court records did not show he had either pleaded guilty or been convicted after trial. Shortly thereafter, on December 3, 1987, petitioner filed a motion under 28 U.S.C.A. § 2255 to vacate, set aside, or modify his sentence.[3] Petitioner argued that in light of the 1987 state court decision the district court incorrectly considered his 1962 convictions. Petitioner argued that the court could have used only his 1970 and 1977 convictions for enhancement purposes, and that because section 1202(a) provided for enhancement after three prior convictions, his sentence had to be modified.

The district court denied petitioner's motion in an order dated August 26, 1988, based on findings of fact and conclusions of law made orally on June 16, 1988.[4] The district court found petitioner had been convicted of at least three prior felonies involving burglary or robbery: the 1970 and 1977 convictions for burglary and a 1981 conviction for burglary. Petitioner argued that his 1981 conviction for burglary could not be used to enhance his sentence because he had been denied the effective assistance of counsel in that proceeding. The district court found that although petitioner had proceeded without counsel in the change of plea proceeding that resulted in his 1981 burglary conviction, he failed to establish that he did not waive his right to counsel. The district court also found petitioner was barred from challenging the use at sentencing of his 1962 convictions because he had failed to challenge those convictions at sentencing or on direct appeal.

Thus, the district court denied petitioner's motion because sufficient prior convictions existed to support the enhanced sentence.

## II. DISCUSSION

As a preliminary matter, petitioner has the burden of proving his sentence is infirm. *See generally United States v. Gray*, 626 F.2d 494, 502 (5th Cir.1980) (petitioner on section 2255 motion has burden of proving trial court considered an invalid prior conviction), *cert. denied*, 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981). Petitioner raises three issues on appeal. Petitioner argues that the district court could not have considered his 1981 conviction, first because that conviction was not charged in the indictment, and second because he was not represented by counsel in the proceeding that resulted in his conviction. Petitioner also argues that the trial court could not have considered his 1962 convictions because he had never pleaded guilty or been convicted after trial of burglary. Finally, petitioner argues that his 1977 conviction could not have been considered to enhance his sentence because it was a conviction for theft, not burglary. We address each of these arguments in turn.

### A. *The 1981 Conviction*

Petitioner argues his 1981 conviction was invalid because he entered a guilty plea without the assistance of counsel. As a general matter, convictions obtained in proceedings in which a criminal defendant lacked the effective representation of counsel cannot be used to enhance punishment upon a subsequent conviction. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (uncounseled conviction cannot be considered in sentencing); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (uncounseled conviction cannot be used for en-

---

**3.** This section, 28 U.S.C.A. § 2255, is the proper avenue for collateral attack of a sentence improperly enhanced. *Birdsell v. Alabama*, 834 F.2d 920, 922 (11th Cir.1987); *see generally Garland v. United States*, 837 F.2d 1563, 1565 (11th Cir.1988) (section 2255 provides avenue for relief from sentence subject to collateral attack).

**4.** The district court held two evidentiary hearings, on April 6, 1988, and June 16, 1988.

hancement under recidivist statute). In *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), however, the Supreme Court held that a conviction obtained in a proceeding in which a defendant lacked the assistance of counsel could form the basis of a conviction under section 1202 if not vacated or otherwise removed prior to the possession of a firearm. Under *Lewis*, a defendant cannot challenge the validity of an underlying conviction as a defense to prosecution under section 1202. *Id.* at 65, 100 S.Ct. at 920; *see, e.g., United States v. Davis*, 773 F.2d 1180, 1181 (11th Cir.1985).

The Supreme Court decided *Lewis* on narrow statutory grounds. The Court held that in defining an offense under section 1202, Congress did not intend to make an exception for individuals whose prior convictions might prove infirm. *Lewis*, 445 U.S. at 62, 100 S.Ct. at 919. The Court stated that the proper course for an individual who suspected his conviction was infirm would be to vacate the conviction before possessing a firearm. *Id.* at 64, 100 S.Ct. at 920; *accord United States v. Kolter*, 849 F.2d 541 (11th Cir.1988).

 Congress can define an offense to include a prior conviction regardless of whether the conviction may be invalid. *Lewis*, 445 U.S. at 65–66, 100 S.Ct. at 920–921. In contrast, the Sixth Amendment prohibits the use to enhance a sentence of a conviction obtained in a proceeding in which defendant lacked the assistance of counsel. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The Court in *United States v. Standridge*, 810 F.2d 1034, 1038–39 n. 3 (11th Cir.), *cert. denied*, 481 U.S. 1072, 107 S.Ct. 2468, 95 L.Ed.2d 877 (1987), implied that a conviction under section 1202(a) after three prior felony convictions is a different substantive offense from a conviction under section 1202(a) after one prior felony conviction.

If this were true, under *Lewis* the invalidity of the prior convictions would not be a ground for challenging the sentence. We conclude, however, that Congress added this section as a punishment enhancement provision rather than as a different substantive offense. *See United States v. Hawkins*, 811 F.2d 210, 217–20 (3rd Cir.), *cert. denied*, 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied*, 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *see also United States v. Hill*, 863 F.2d 1575, 1576 n. 1 (11th Cir.1989) (collecting cases); *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir.1986); *see generally* H.R.Rep. No. 1073, 98th Cong.2d Sess. 1, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3182, 3661 ("The Committee on the Judiciary, to whom was referred the bill (H.R. 6248) to amend title VII of the Omnibus Crime Control and Safe Streets Act of 1968 *to provide enhanced penalties for certain persons possessing firearms after three previous convictions* for burglaries or robberies....") (emphasis added); *id.* at 5, *reprinted in* U.S.Code Cong. & Admin. News at 3665 ("In 'enhancing' this offense [under section 1202(a)] ..., if the defendant has been convicted three times of robbery or burglary, we are 'enhancing' an existing federal crime...."); *but see United States v. Davis*, 801 F.2d 754, 755 (5th Cir.1986);[5] H.R.Rep. No. 1073, 98th Cong., 2d Sess. 6, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3666 (stating that section 1202(a) is being amended through the addition of a new offense). Because this case involves punishment enhancement rather than a different substantive offense, it must be evaluated under the restrictions contained in the Sixth Amendment. We hold that the Sixth Amendment as interpreted in *Tucker* and *Burgett* prohibits the use of convictions obtained in proceedings in which a defendant lacked the effective assistance of counsel to enhance a sentence under section 1202.

---

**5.** The Fifth Circuit's opinion in *Davis*, that section 1202(a)(1) was amended to include a different substantive offense, was rejected by most circuits and has been superseded by statute.

*See United States v. Ortega*, 859 F.2d 327, 331 n. 3 (5th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1157, 103 L.Ed.2d 216 (1989).

Petitioner had the right under the Sixth Amendment to be represented by counsel at the 1981 change of plea proceeding in which he pleaded guilty to burglary. *See Downs–Morgan v. United States,* 765 F.2d 1534, 1538–39 (11th Cir.1985); *see generally Michigan v. Jackson,* 475 U.S. 625, 629 n. 3, 106 S.Ct. 1404, 1407 n. 3, 89 L.Ed.2d 631 (1986) (criminal defendant's Sixth Amendment right to counsel attaches at arraignment); *United States v. Gouveia,* 467 U.S. 180, 187–88, 104 S.Ct. 2292, 2296–98, 81 L.Ed.2d 146 (1984) (arraignment initiates adversarial proceedings). It is uncontested that petitioner was unrepresented when he entered his guilty plea. Thus, unless petitioner waived his right to counsel, his 1981 conviction could not have been used to enhance his sentence.

A defendant has the right under the Sixth Amendment to waive counsel and to proceed *pro se. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To be effective, the waiver of counsel must be both knowing and voluntary. *Id.* at 835, 95 S.Ct. at 2541; *see generally Jackson v. James,* 839 F.2d 1513, 1516–17 (11th Cir.1988). The district court found defendant failed to show he did not knowingly and voluntarily waive his right to counsel in pleading guilty to burglary.[6] That finding is a mixed question of law and fact subject to *de novo* review. *Brewer v. Williams,* 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1241–42, 51 L.Ed.2d 424 (1977).

In accepting a waiver of counsel, a trial court must make sure the defendant understands the risks of proceeding without the representation of counsel. *See*

*United States v. Edwards,* 716 F.2d 822, 824 (11th Cir.1983) ("Because assertion of the right of self-representation constitutes a waiver of the right to counsel, as well as a relinquishment of the important benefits associated with that right, the trial judge must conduct a hearing to ensure that the accused understands the dangers and disadvantages of proceeding *pro se.*") (citation omitted). Although the record supports the district court's finding that petitioner's waiver of counsel was voluntary,[7] the record does not indicate that the waiver was intelligently made. The district court did not explain the risks of proceeding *pro se* before accepting the waiver. *See Fitzpatrick v. Wainwright,* 800 F.2d 1057, 1065 (11th Cir.1986) (trial court explained risks of proceeding without counsel); *Dorman v. Wainwright,* 798 F.2d 1358, 1366 (11th Cir.1986) (once defendant asserts right to proceed *pro se* court must hold hearing to make sure defendant understands risks of proceeding without counsel), *cert. denied,* 480 U.S. 951, 107 S.Ct. 1616, 94 L.Ed.2d 801 (1987); *Edwards,* 716 F.2d at 824 (defendant had been informed of disadvantages of proceeding *pro se*). Although a waiver hearing explaining the disadvantages of proceeding *pro se* is not essential under the Sixth Amendment, it is extremely beneficial. *See Strozier v. Newsome,* 871 F.2d 995 (11th Cir.1989). Regardless of whether the trial court conducted a full hearing, however, the defendant must understand the disadvantages of proceeding *pro se. Fitzpatrick,* 800 F.2d at 1065. As the Court in *Fitzpatrick* explained, "The ultimate test is not the trial

---

**6.** On direct appeal, the government has the burden of proving an effective waiver. *See Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). In section 2255 motions, however, the petitioner has the burden of demonstrating his sentence is invalid. *United States v. Gray,* 626 F.2d at 502. Thus, in challenging an underlying conviction used to enhance his sentence, petitioner has the burden of demonstrating that he did not waive his right to counsel. *Strozier v. Newsome,* 871 F.2d 995, 998 n. 6 (11th Cir.1989) (citing *Carnley v. Cochran,* 369 U.S. 506, 516–17, 82 S.Ct. 884, 890–91, 8 L.Ed.2d 70 (1962)).

**7.** The district court considered the transcript of the November 1981 change of plea proceeding,

the presiding Superior Court judge's certification, and the indictment petitioner signed indicating he was proceeding without the benefit of counsel. All three indicate that petitioner voluntarily waived his right to an attorney. Additional factors that support a finding of voluntariness include petitioner's dismissal of two court-appointed attorneys, *see Taylor v. Hopper,* 596 F.2d 1284 (5th Cir.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980), and his clear indication at the change of plea proceeding that he wanted to represent himself. *See Fitzpatrick v. Wainwright,* 800 F.2d 1057, 1064 (11th Cir.1986).

court's express advice, but rather the defendant's understanding." *Id.*

In this case, the record is devoid of any investigation by the trial court at the time the defendant waived his right to counsel into such important factors as the defendant's education, *see id.;* background or experience, *see United States v. Padilla–Martinez,* 762 F.2d 942, 948–49 (11th Cir.), *cert. denied,* 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 302 (1985); or the level of legal expertise expected. *See Fitzpatrick,* 800 F.2d at 1065–67 (listing at least eight factors to consider). The following is the full exchange between the trial judge and petitioner at the change of plea proceeding:

EXAMINATION BY THE COURT

QUESTION: Do you hear and understand my statements and questions?

ANSWER: Yes, sir.

QUESTION: Are you now under the influence of any alcohol, drugs, narcotics or other pills?

ANSWER: No, sir.

QUESTION: Do you understand that you are charged with toe [sic] offense of burglary?

ANSWER: Yes, sir.

QUESTION: Do you understand that upon a plea of guilty you could be imprisoned for as much as twenty years?

ANSWER: Yes, sir.

QUESTION: Has the district attorney, your lawyer, any policeman, law officer, or anyone else made any promise or threat to you to influence you to plead guilty in this case?

ANSWER: No, sir.

QUESTION: Have you had time to confer and have you conferred with your attorney about this case and the plea you are to enter?

ANSWER: Yes, sir.

QUESTION: Have you been informed that you could subpoena any witness you care to?

ANSWER: Yes, sir.

QUESTION: Who is your lawyer? You don't have one?

ANSWER: No.

QUESTION: All right; pro se. Do you understand that you could enter a plea of not guilty and be tried by a jury?

ANSWER: Yes, sir.

QUESTION: How do you plead to the charge, guilty or not guilty?

ANSWER: Guilty.

QUESTION: Are you in fact guilty?

ANSWER: Yes, sir.

QUESTION: Are your answers to my questions truthful answers?

ANSWER: Yes, sir.

QUESTION: And you fully understand that if you can't afford an attorney, you can ask for one and one will be given to you?

ANSWER: Yes, sir.

QUESTION: But you can't knock him off every week.

ANSWER: Yeah, I know it.

QUESTION: Okay. All right, sir.

Although petitioner had substantial experience with the criminal justice system, a factor which weighs in favor of a finding of effective waiver, *see United States v. Hafen,* 726 F.2d 21, 25 (1st Cir.), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984), the record is simply inadequate for this Court to conclude that petitioner knowingly and intelligently waived his right to counsel.[8] Consequently, we hold that the district court erred in using petitioner's 1981 conviction to enhance his sentence under section 1202.

---

**8.** In a Notice of Superseding Indictment filed with the district court on March 3, 1986, the government stated, "The government agrees that the 1981 conviction in the State Court of Chatham County under Indictment Number 34224 was without counsel and cannot be used to enhance punishment under Title 18, United States Code, Section 1202." Because we con- clude petitioner did not effectively waive his right to counsel at his change of plea hearing, and consequently hold that this conviction cannot be used to support an enhanced sentence, we need not decide whether the government is estopped from arguing a contrary position on appeal.

## B. The 1962 Convictions

Petitioner argues that the state trial court's order striking his 1962 convictions indicates that he was never actually convicted of burglary in 1962, even though he was incarcerated under a Judgment and Commitment Order arising from the burglary prosecution. Petitioner argues that his sentence under section 1202 violates due process because it is based on non-existent convictions. It is true that a sentence based on false information or invalid premises violates due process. *Parks v. United States*, 832 F.2d 1244, 1246 (11th Cir.1987) ("Due process protects a defendant's right not to be sentenced on the basis of false information and invalid premises.") (citing *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)); *see also United States v. Darby*, 744 F.2d 1508, 1532 (11th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2322–23, 85 L.Ed.2d 841 (1985). The government argues, however, that petitioner waived his challenge to the 1962 convictions by not challenging the validity of these convictions at the original sentencing proceeding or on direct appeal.

In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding. *Parks*, 832 F.2d at 1245. Of course, if the challenge were not available to a defendant at the time of the direct appeal, the defendant would not be procedurally barred from presenting the issue in a section 2255 proceeding, *see, e.g., Sanchez v. United States*, 782 F.2d 928, 935 n. 3 (11th Cir. 1986), providing the issue is among that narrow range of issues reviewable under section 2255. *See generally Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). A defendant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *Parks*, 832 F.2d at 1245 (citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982)); *see also Boschen v. United States*, 845 F.2d 921, 922 (11th Cir.1988); *see gen-erally Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner's claim, that he was never actually convicted in 1962, was available on direct appeal as a basis on which to challenge his sentence. *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 110, 103 S.Ct. 986–990, 74 L.Ed.2d 845 (1983). Thus, petitioner must demonstrate cause and actual prejudice before this Court will consider his argument on the merits. Petitioner has shown actual prejudice. Absent his 1962 convictions, the district court could have considered only his 1970 and 1977 convictions; therefore, petitioner would not have been subject to section 1202(a)'s enhanced punishment provision. The issue we must address, then, is whether petitioner has shown cause for his failure to challenge the validity of his 1962 convictions on direct appeal.

Petitioner argues trial counsel was ineffective for not challenging his 1962 convictions. Ineffective assistance of counsel constitutes cause under *Wainwright* and, by extension, under *Frady*. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). The standard for judging ineffectiveness is the same as under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The issue is whether trial counsel's performance fell below the wide range of professionally competent representation. *Id.* at 690, 104 S.Ct. at 2065; *see Reed v. Ross*, 468 U.S. 1, 10–11, 104 S.Ct. 2901, 2907–08, 82 L.Ed.2d 1 (1984) (cause and prejudice standard applies to procedural default on appeal). Ineffective assistance of counsel is a mixed question of law and fact subject to *de novo* review on appeal. *Oliver v. Wainwright*, 782 F.2d 1521, 1524 (11th Cir.) (citing *Goodwin v. Balkcom*, 684 F.2d 794, 803 (11th Cir.1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983)), *cert. denied*, 479 U.S. 914, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986). Petitioner argues counsel was ineffective for failing to ascertain and argue that petitioner was not actually convicted of the burglaries in

1962.[9] Although counsel has the duty to conduct pretrial investigation, *Mitchell v. Kemp,* 762 F.2d 886, 888–89 (11th Cir.1985), *cert. denied,* 483 U.S. 1026, 107 S.Ct. 3248, 97 L.Ed.2d 774 (1987), the standard for evaluating the effectiveness of counsel's pretrial investigation is reasonableness under the circumstances. *Id.; see also Foster v. Dugger,* 823 F.2d 402, 405 (11th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 2915, 101 L.Ed.2d 946 (1988). The information available to counsel at the time of his pretrial investigation is the main circumstance this Court considers in evaluating the reasonableness of counsel's pretrial investigation.

At the June 16, 1988, hearing before the district court on this petition, petitioner testified he had informed counsel that he had never actually been convicted of burglary in 1962. Petitioner's attorney testified that petitioner had *not* indicated there might be a valid ground on which to challenge those convictions. The district court found as a fact that petitioner did not inform his attorney that he had not in fact been convicted of burglary in 1962. What petitioner told trial counsel is a question of historical fact subject to a clearly erroneous standard of review. Fed.R.Civ.P. 52(a); *see generally Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (clearly erroneous means that after reviewing the entire record the appellate court is firmly and definitely convinced that a mistake has been made) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Where there is directly conflicting testimony, the credibility determination should be left to the district judge. *See Amadeo v. Zant,* 486 U.S. 214, 108 S.Ct. 1771, 1778, 100 L.Ed.2d 249 (1988) ("[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous") (quoting *Anderson,* 470 U.S. at 574, 105 S.Ct. at 1511). We hold that the trial court's determination that petitioner did not inform trial counsel that

he had never been convicted of burglary in 1962 is not clearly erroneous.

The following circumstances existed at the time of sentencing. Petitioner's 1962 convictions, including his burglary convictions, were the basis of a Judgment and Commitment Order pursuant to which petitioner had been incarcerated for a number of years. All of the records regarding petitioner's prior arrests indicated he had been convicted and incarcerated for burglary. Petitioner did not inform counsel, and counsel had no other indication, that he had not pleaded guilty and had not been convicted after trial of burglary in 1962. Counsel ascertained that defendant had been represented by counsel at the 1962 proceedings, but failed to locate a transcript of those proceedings to determine whether petitioner had pleaded guilty or been convicted after trial. In such circumstances, it cannot be said that counsel failed to make reasonable investigation into the validity of petitioner's 1962 convictions. *See generally Solomon v. Kemp,* 735 F.2d 395, 402 (11th Cir.1984) (counsel not obligated to pursue every potentially available avenue of investigation until it succeeds), *cert denied,* 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 952 (1985). We agree with the district court's conclusion that trial counsel was not ineffective for not investigating whether petitioner had actually been convicted of burglary in 1962 as a ground for challenging the enhancement of his sentence.

Petitioner alternatively argues that the state court judgment striking his 1962 convictions constitutes newly discovered evidence entitling him to a new sentencing hearing. Petitioner must satisfy four requirements before his section 2255 motion will be granted on this ground: (1) the evidence must be newly discovered and must not have been known to defendant at time of trial; (2) the evidence must be material; (3) the evidence must be such that the result probably would have been different at trial; and (4) the failure to

9. It is clear that there was no intentional or strategic waiver of the challenge to the 1962 convictions.

learn of such evidence must not be the result of a lack of due diligence by the defendant. *Bentley v. United States*, 701 F.2d 897, 898 (11th Cir.1983); *cf., e.g., United States v. Williams*, 816 F.2d 1527, 1530 (11th Cir.1987) (direct appeal). Petitioner does not meet this standard. Although his 1962 convictions were stricken from his record after sentencing, the factual basis for that action, that petitioner had never actually been convicted, was certainly available and within his knowledge at the time of trial. We conclude that petitioner has failed to establish cause under *Frady* for his failure to challenge his 1962 convictions on direct appeal. Thus, we hold petitioner is procedurally barred from arguing in this petition that he had not been convicted of burglary in 1962.

### C. *1977 Conviction*

■ Petitioner argues that his 1977 conviction was not for burglary. The indictment charged defendant with burglary under O.C.G.A. § 16–7–1 pursuant to 18 U.S.C.A. §§ 13 and 7, the assimilated crimes provision. The indictment was not altered at petitioner's change of plea hearing, and defendant pleaded guilty to the offenses charged in the indictment. The trial judge at the change of plea hearing told petitioner that he was pleading guilty to a charge of burglary. Although the Judgment and Commitment Order indicates the sentence was imposed for attempted theft, the context indicates the sentence was imposed for burglary. Even if this argument had merit, however, petitioner would not be entitled to relief because his four 1962 burglary convictions alone are sufficient to support his enhanced sentence. *See United States v. Hill*, 863 F.2d 1575 (11th Cir.1989).

### III. CONCLUSION

The district court's denial of petitioner's motion under 28 U.S.C.A. § 2255 to vacate, modify, or set aside his sentence is AFFIRMED.