**UNITED STATES of America**

v.

**Elice JOSEPH.**

**No. 92–782–CR.**

United States District Court,
S.D. Florida.

July 20, 1993.

Kendall B. Coffey, U.S. Atty., Andrew G. Oosterban, Asst. U.S. Atty., Miami, FL, for plaintiffs.

James Robert Gailey, Federal Public Defender, Paul Korchin, Asst. Federal Public Defender, Miami, FL, for defendants.

## ORDER ON GOVERNMENT'S MOTION FOR PRETRIAL RULING

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon the government's motion for pretrial ruling, pursuant to *Fed.R.Crim.P.* 12(e). The action is presently on stand-by status for the trial period commencing July 12, 1993.

### PROCEDURAL BACKGROUND

On June 23, 1993, the Court set aside Defendant Elice Joseph's guilty plea to the one-count indictment in this case. By separate order, the Court reset the matter for trial. The indictment charges that Joseph, an alien who had been previously convicted of an aggravated felony, attempted to reenter the United States after deportation, without the permission of the Attorney General, in violation of 8 U.S.C. § 1326(b)(2). In its order setting aside the guilty plea, the Court specifically found the plea proceedings underlying Joseph's state court conviction to be constitutionally invalid.

Because the state conviction constitutes a specific element of the offense charged in the indictment, the government seeks a pretrial determination concerning the admissibility of the conviction at the upcoming trial. In asking the Court to address this issue prior to the commencement of trial and the concomitant attachment of jeopardy, the government seeks to protect its right to appeal an adverse ruling, pursuant to 18 U.S.C. § 3731. Joseph does not dispute the government's entitlement to this pretrial ruling.

### DISCUSSION

For purposes of the instant motion, the Court hereby explicitly adopts all of the findings contained in its Order Setting Aside Guilty Plea, dated June 23, 1993. In accordance with those findings, the Court further announces that evidence of Joseph's state court conviction is inadmissible at the upcoming trial, due to the constitutional invalidity of the plea proceedings underlying such conviction. To admit evidence of such a constitutionally defective conviction, as the government urges, would violate Joseph's due process rights, as guaranteed by the fifth amendment of the United States Constitution.

The Court further finds that the government's reliance on *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) is misplaced. In *Lewis,* the United States Supreme Court held that a constitutionally defective conviction may be used as a predicate in a subsequent proceeding for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § App. 1202(a)(1). *Id.* The government offers no authority, however, for extending the *Lewis* holding to the instant case, which involves a different statutory provision, 8 U.S.C. § 1326(b)(2). Indeed, the Eleventh Circuit has recognized that *Lewis* was decided "on narrow statutory grounds." *Greene v. United States,* 880 F.2d 1299, 1302 (11th Cir.1989), *cert. denied,* 494 U.S. 1018, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990). *See also United States v. Nicholas–Armenta,* 763 F.2d 1089 (9th Cir.1985). The Court declines, therefore, the government's invitation to extend the *Lewis* rationale to this case.

As a final comment, the Court notes that the government cites a list of remedies available to Joseph for challenging his state conviction so that he could clear his status prior to reentry into the United States, including: a challenge at the deportation hearing; appeal of the deportation order; habeas corpus appeal; or appeal to the Attorney General

for permission to reenter. Knowing that the government is familiar with the unconscionable proceedings under which Joseph was convicted in state court, the Court wonders how the government can realistically argue that Joseph could have availed himself of such remedies. Such a posture "defies reason and sensibility." *Lewis v. United States,* 445 U.S. 55, 73, 100 S.Ct. 915, 924, 63 L.Ed.2d 198 (1980) (Brennan, J., dissenting).

### CONCLUSION

Based on the foregoing considerations, it is hereby ORDERED AND ADJUDGED that the government MAY NOT introduce at trial evidence of Elice Joseph's August 1, 1989 state court conviction.

DONE AND ORDERED.