[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10602
Non-Argument Calendar

_____

D. C. Docket No. 04-00041-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO ALVARADO-ROBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 16, 2005)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Arturo Alvarado-Robles ("Robles") was indicted for illegal re-

entry after deportation, in violation of 8 U.S.C. § 1326. Robles had been deported in 1998 after

his state conviction for forgery. He reentered the United States in 1999, and subsequently was convicted twice on drug related charges. Robles waived his right to an attorney and admitted that he had re-entered the United States without permission after deportation. He pleaded guilty without a plea agreement.

The probation officer calculated the guidelines range using a base offense level of 8 under U.S.S.G. § 2L1.2. That level was enhanced by 8 because Robles' prior conviction for forgery counted as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(R). With a 3-level reduction for acceptance of responsibility, Robles's total offense level was 13. The probation officer then determined Robles's criminal history category to be IV based on the forgery conviction and the prior drug offenses, although the probation officer noted that Robles was not represented by counsel at the forgery proceedings. Robles objected to the use of this conviction to enhance his sentence by 8 levels as well as in additional criminal history points because he was not represented by counsel during the state court proceeding and he had not knowingly waived his right to counsel. The probation officer initially agreed with Robles's position, but later obtained a copy of the plea colloquy from the forgery conviction and determined that Robles had knowingly waived his right to counsel. The probation officer further noted that Robles had completed paperwork in connection with his forgery conviction in which he indicated that he had had enough time to talk with his attorney.

At sentencing, the court considered whether the prior forgery conviction could be used as an enhancement. Reviewing the plea colloquy from state court, the district court found that Robles, with the assistance of an interpreter, had been informed of his rights and indicated that he wished to waive his rights and plead guilty. The district court overruled the objection. It imposed a sentence of 20 months imprisonment because this term of imprisonment was

2

reasonable under United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621. This appeal followed.

In reviewing the sentencing guidelines, we review the district court's factual findings for clear error and its application of the guidelines to those facts de novo. United States v. Cooper, 203 F.3d 1279, 1286 (11th Cir. 2000). Whether a defendant knowingly and voluntarily waived his right to counsel is a mixed question of law and fact that we also review de novo. Greene v. United States, 880 F.2d 1299, 1303 (11th Cir. 1989).

Sentencing courts do not have the authority to examine the constitutionality of a prior state court conviction except in narrow circumstances such as when the conviction is "presumptively void" because it was obtained without counsel. United States v. Roman, 989 F.2d 1117, 1118, 1120 (11th Cir. 1993); Greene, 880 F.2d at 1303. Convictions obtained with a knowing and voluntary waiver of the right to counsel, however, are not presumptively void. United States v. Jackson, 57 F.3d 1012, 1019 (11th Cir. 1995). The defendant bears the burden of showing that a conviction is presumptively void, and must put forth specific facts in support of his claim.[1] Id.; Roman, 989 F.2d at 1118; see also United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000). For a waiver to be knowing and intelligent, the court must inform the defendant "of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Iowa v. Tovar, 541 U.S. 77, 81, 124 S.Ct, 1379, 1384, 158 L.Ed.2d 209 (2004). There is no rigid set

---

[1] Generally, on direct appeal, the government would bear the burden of proving an effective waiver. Greene, 880 F.2d at 1303 n.6. In contrast, in a collateral attack on a conviction and sentence, the burden is on the movant. Id. Although this is a direct appeal from a criminal conviction and sentence, Robles is collaterally attacking his state court conviction, and, therefore, he bears the burden of proving the waiver was invalid. See Jackson, 57 F.3d at 1019.

3

of questions that must be addressed before a waiver is valid; the level of inquiry depends on the circumstances, including the defendant's education, background, and the nature of the charges against him. Id. at 88.

Here, Robles asserts that his prior conviction is presumptively void because he did not knowingly waive his right to counsel.[2] In support of this claim, he argues that he was young, did not speak English, and there was no evidence that the interpreter assisted him properly or that the court informed him that he had the right to an attorney during plea negotiations.

Upon review of the record, we conclude that the district court properly determined that Robles had not met his burden of showing a factual predicate that the waiver was invalid. First, although Robles did not speak English, he was given an interpreter and he offers no evidence that the interpreter was insufficient. Second, the record reflects that the state court judge informed Robles of his rights, the possible penalties, and what he would be waiving if he entered a plea. Robles repeatedly stated that he was guilty and wished to enter a plea. Additionally, Robles completed the petition to enter a plea, which also informed him of his rights. Third, Robles did not testify or submit an affidavit to support his claim that his waiver was not valid. Thus, Robles did not meet his burden, and the district court properly determined that the prior conviction could be used to enhance Robles's sentence.

Greene does not dictate a contrary result. In Greene, the record was devoid of any indication that the waiver was made knowingly and intelligently. Here, the record demonstrates that Robles was informed of his rights and had the assistance of an interpreter. There is nothing in the record to show that the interpreter was not competent or that Robles's waiver was not

---

[2] Robles does not contend that the waiver was involuntary. Rather, he asserts that it was not made knowingly and intelligently.

4

made knowingly and intelligently.  Therefore, because Robles has not met his burden, we

AFFIRM.