[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 6, 2006
THOMAS K. KAHN
CLERK

No. 05-14632
Non-Argument Calendar

_____

D. C. Docket No. 05-00009-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULO SERNA-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 6, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Paulo Serna-Flores appeals his 30-month sentence, imposed after he pled

guilty to one count of possession of a firearm by an illegal alien, in violation of 18

U.S.C. §§ 922(g)(5).  Serna-Flores raises two arguments on appeal.  First, he

argues that the district court erred by calculating his criminal history category

based on two uncounseled guilty pleas in which Serna-Flores claims he did not

constitutionally waive his right to counsel.  Second, Serna-Flores argues that the

district court erred by failing to consider the sentencing factors set forth in 18

U.S.C. § 3553(a), as required by United States v. Booker, 543 U.S. 220, 125 S.

Ct. 738, 160 L. Ed.2d 621 (2005).  For the following reasons, we affirm.

I.

Serna-Flores argues that the sentencing judge erred by calculating his

criminal history category based on two prior convictions because Serna-Flores did

not knowingly and voluntarily waive his right to counsel in those convictions.  We

review the district court's application of the Federal Sentencing Guidelines for

clear error concerning factual findings and de novo concerning questions of law.

See United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).  Whether

a defendant knowingly and voluntarily waived his right to counsel is a mixed

question of law and fact that we also review de novo.  Greene v. United States, 880

F.2d 1299, 1303 (11th Cir. 1989).

Sentencing courts do not have the authority to examine the constitutionality

2

of a prior state court conviction, except in a narrow set of circumstances, such as when the conviction is "presumptively void." United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993); Greene, 880 F.2d at 1303. Presumptively void convictions include those that were uncounseled. United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000); see also United States v. Jackson, 57 F.3d 1012, 1019 (11th Cir. 1995) (holding that convictions obtained with a knowing and voluntary waiver of the right to counsel are not presumptively void). Serna-Flores bears the burden of showing that a conviction is presumptively void, and must set forth specific facts in support of his claim. Cooper, 203 F.3d at 1287; Jackson, 57 F.3d at 1019; Roman, 989 F.2d at 1118.

Serna-Flores claims that his prior convictions were unconstitutional because the state court records were unavailable or incomplete, and because the records that were available failed to show whether he constitutionally waived his right to counsel. Serna-Flores, however, did not set forth documentation or testimony indicating how, if at all, his waivers of counsel were invalid. Accordingly, he failed to meet his burden to show that the convictions were "presumptively void," and the district court did not clearly err in considering these convictions. See Cooper, 203 F.3d at 1287.

## II.

We review Serna-Flores's final sentence under the advisory guidelines for

3

reasonableness. Crawford, 407 F.3d at 1179 (citing Booker, 125 S. Ct. at 767 (holding that "[t]he courts of appeals review sentencing decisions for unreasonableness")). A reasonableness inquiry is guided by the factors set forth at 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). We have held that in light of Booker, the district court first calculates the proper guideline range, and then "impose[s] a more severe or more lenient sentence" after considering the § 3553(a) factors. Crawford, 407 F.3d at 1179. The factors include the available sentences, the applicable guidelines range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care. 18 U.S.C. § 3553(a). We have held that the sentencing court is not obligated to specifically address and analyze on the record every § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

At sentencing, the district court explicitly considered several § 3553(a) factors. The court considered Serna-Flores's age, criminal record, and the firearm

4

he possessed.  Moreover, the court stated that it "didn't adhere just to the guidelines," but imposed the sentence because it was "reasonable" under the circumstances.  Accordingly, the district court adequately stated its reasons for imposing a sentence of 30 months imprisonment.

**AFFIRMED.**