[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13861
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 2, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00006-CR-WCO-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIAS PEREZ-HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 2, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Isaias Perez-Herrera appeals his sentence for illegal reentry by a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Perez-Herrera contends the district court erred in calculating his criminal history under the Sentencing Guidelines by assessing one point for convictions to which he pled guilty without counsel in 2002.  We conclude Perez-Herrera failed to prove his prior convictions were presumptively void and affirm the district court's sentence.

We review the district court's factual findings for clear error and its application of the Guidelines to those facts *de novo*.  *United States v. Cooper,* 203 F.3d 1279, 1286 (11th Cir. 2000).  Whether a defendant knowingly and voluntarily waived his right to counsel is a mixed question of law and fact subject to *de novo* review.  *Greene v. United States*, 880 F.2d 1299, 1303 (11th Cir. 1989).

As a general rule, we do "not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence."  *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995) (citation omitted).  However, "when a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account."  *United States  v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) *(en banc)*.  We have suggested that "presumptively void" convictions are rare and

"perhaps limited to uncounseled convictions." *Id.*

The defendant bears the burden to prove his uncounseled conviction is presumptively void by demonstrating "that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 124 S. Ct. 1379, 1390 (2004); *see also United States v. Cooper,* 203 F.3d 1279, 1287 (11th Cir. 2000) (holding the defendant has the burden "to lay a factual foundation for collateral review on the grounds that the state conviction was 'presumptively void.' ").

The guilty plea form Perez-Herrera signed in 2002 stated in English that he waived his right to an attorney; it stated in Spanish that the court would appoint an attorney to represent him at no charge if he could not afford one. Perez-Herrera claims the 2002 form did not inform him of the dangers of proceeding *pro se*, and argues the absence of evidence of a more thorough inquiry by the municipal court renders the 2002 convictions presumptively void.

Perez-Herrera did not present any evidence beyond the guilty plea form to support his contention that his waiver of counsel for the 2002 hearing was not knowing or voluntary. *See Roman*, 989 F.2d at 1118 (concluding defendant provided insufficient factual support for his contentions his earlier convictions were presumptively void to allow the sentencing court to review them). Perez-

3

Herrera failed to sustain his burden of showing the 2002 convictions were presumptively void. Therefore, the district court did not err in calculating Perez-Herrera's criminal history. Accordingly, we affirm Perez-Herrera's sentence.

**AFFIRMED.**