[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2007
THOMAS K. KAHN
CLERK

No. 06-15157
Non-Argument Calendar

_____

D. C. Docket Nos.
05-21798-CV-ASG & 04-20133 CR-ASG

DENNIS CHAVEZ-GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 13, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Dennis Chavez-Garcia, a federal prisoner proceeding on appeal with appointed counsel, appeals the denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability on the following issue: whether "his trial counsel was constitutionally ineffective for not following through with the appeal as requested." According to Chavez, his counsel improperly dismissed his direct appeal. Chavez contends that counsel had a duty to consult with him about the merits of the appeal and to inquire as to his wishes regarding the appeal. Chavez claims that at no time did he request that his appeal be dismissed and that the filing of the voluntary dismissal was without his approval.

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo and its factual findings are reviewed for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Whether a defendant ultimately has received ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. *Mincey v. Head*, 206 F.3d 1106, 1142 (11th Cir. 2000). "Where there is directly conflicting testimony, the credibility determination should be left to the district judge." *Greene v. United States*, 880 F.2d 1299, 1306 (11th Cir. 1989). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."

2

*Amadeo v. Zant*, 486 U.S. 214, 226, 108 S. Ct. 1771, 1778, 100 L. Ed. 2d 249 (1988) (internal quotation marks omitted). *See also Otero v. United States*, 499 F.3d 1267, 1271 (11th Cir. 2007) (per curiam) (noting that "the district court discredited [the movant's] testimony . . . and we are bound to respect the court's factual finding").

The legal standard governing ineffective-assistance-of-counsel claims is derived from the benchmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective-assistance-of-counsel claims. First, a movant must show that counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. Second, a movant must show that the deficient performance prejudiced the defense. *Id.*

In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), the Supreme Court applied the test set forth in *Strickland* and reiterated the long-established rule that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. *Id*. at 477, 120 S. Ct. 1035. The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, counsel's performance may still be deficient if counsel had a duty to consult with the

3

defendant about an appeal, and did not do so. *Id.* at 478, 120 S. Ct. at 1035.

This duty to consult arises when either: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484, 120 S. Ct. at 1038. In *Flores-Ortega* the Supreme Court defined the term "consult" to mean

> advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id.* at 478, 120 S. Ct. at 1035.

In *Thompson v. United States*, No. 05-16970, 2007 WL 3033152 (11th Cir. Oct. 18, 2007), we addressed the issue of adequacy of consultation. There, the consultation was inadequate because counsel "simply assert[ed] the view that an appeal would not be successful," failed to provide information to the defendant to

4

allow an intelligent and knowing decision, and made no "reasonable effort . . . to discover Thompson's informed wishes regarding an appeal." *Id*. at *2.

In this case, a magistrate judge heard live testimony during two separate evidentiary hearings. During the first hearing, counsel testified that after the imposition of Chavez's sentence, counsel explained the *Almendarez-Torres v. United States*[1] decision to Chavez and that an appeal, if pursued, "would not be a good appeal."[2] Counsel nonetheless filed a notice of appeal for the sake of preserving that right and conducted further research. Counsel testified that he sent Chavez a letter that advised Chavez of his constitutional right to appeal, explained the *Almendarez-Torres* decision, and recommended that there were no non-frivolous grounds for appeal.[3] Counsel also testified that when he did not receive a response from Chavez, he sent a Spanish-speaking investigator with the Office of the Federal Public Defender to visit Chavez to determine whether Chavez wanted to proceed with the appeal. The investigator testified that he met with Chavez, that Chavez advised that he did not want to proceed with the appeal, but instead wanted to reopen his state case, and that Chavez signed the motion to

---

[1]523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998).

[2]Doc. 24 at 38, 35, 39, 44.

[3]Doc. 35 at 16.

5

dismiss. The investigator memorialized the conversation in an email to counsel. Chavez testified that he had received a letter from counsel, had the letter translated, and understood the letter to be recommending dismissal. Chavez maintained, however, that he disagreed with counsel's opinion and, as a result, attempted to call counsel at his office three to four times a day, but Smith did not return the calls.

During the second hearing, Chavez testified to an entirely different set of facts. Chavez claimed that he received a letter from counsel, but that he did not have it translated, did not understand it, and believed it to be a recommendation to proceed with the appeal. While Chavez recalled the investigator's visit, he believed the paper he signed authorized the appeal to proceed, instead of a dismissal.

The magistrate considered the copy of the letter produced by counsel, the email memorializing the conversation between the investigator and Chavez, Chavez's signature on the motion for dismissal, and the testimony of the witnesses. The magistrate found the testimony by counsel and the investigator to be credible and that Chavez's testimony was equivocal and contradictory. In his report and recommendation ("R&R"), the magistrate concluded that counsel had consulted with Chavez and the decision to dismiss the appeal was made by Chavez

6

knowingly and voluntarily. As such, Chavez failed to establish that counsel's performance was deficient or caused prejudice. Upon de novo review, the district court adopted and affirmed the R&R.

Here, where we are confronted with conflicting testimony between the parties, we leave the credibility determination to the district court. *Greene*, 880 F.2d at 1306. The facts present counsel as filing a timely notice of appeal, consulting with Chavez about his appeal, including the issues on appeal, the merits of the appeal, and the status of the controlling law. Upon consideration of this information, Chavez formulated a new plan to re-open his state case, decided to dismiss the appeal, and signed the motion to dismiss. On this record, we must agree that Chavez failed to meet his burden of showing deficient performance and prejudice. *See Flores-Ortega*, 528 U.S. at 478-81, 120 S. Ct. at 1035-37.

Accordingly, we affirm the denial of Chavez's § 2255 petition.

**AFFIRMED**.